UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JANELLE ROSS,

                                    Plaintiffs,

                -against-

CITY OF NEW YORK, ERIC LORIA, Individually,
and JEFFREY MARESCA, Individually,
                                 Defendants.

--------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

17 CV 3505
(PKC) (SMG)

Jury Trial Demanded

Plaintiff JANELLE ROSS, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JANELLE ROSS is a twenty-one-year-old African American woman residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ERIC LORIA, and JEFFREY MARESCA, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On March 12, 2016, beginning at approximately 5:30 p.m., in the parking lot of Burger King, located at 20 Willowbrook Road, Staten Island, New York, plaintiff JANELLE ROSS was falsely arrested inside of Burger King at the complaint of or otherwise with the approval of defendant NYPD defendant officers ERIC LORIA and JEFFREY MARESCA. Defendant LORIA thereafter fabricated evidence against Ms. Ross, which was conveyed to prosecutors and used against her in an ensuing prosecution arising from the arrest that was pending in Staten Island Criminal Court.

13.     On the aforesaid date, plaintiff JANELLE ROSS was working at Burger King.

14.     Plaintiff's brother, Harrison Ross, had driven to the Burger King to drop off a debit card to JANELLE ROSS.

15.     After Harrison Ross parked in the Burger King parking lot and exited his vehicle to enter Burger King, defendant LORIA, who was the Ross's neighbor at the time, approached Harrison Ross and asked to speak with him.

16.     Harrison Ross lawfully replied that he did not wish to speak to defendant LORIA, and continued to walk inside the Burger King restaurant.

17.     Defendant LORIA followed Harrison Ross into the Burger King restaurant and again asked to speak to Mr. Ross, who again lawfully declined.

18.     Harrison Ross then exited the Burger King after giving the debit card to his sister and proceeded to his car.

19.     Harrison Ross entered his vehicle, at which time defendant LORIA approached him and asked him for his license and registration.

20.     Mr. Ross lawfully asked defendant LORIA why he wanted his license and

3

registration.

21.     In response to the question, defendant LORIA opened Mr. Ross' car door, and then without justification, lawful authority, or legal right, jumped on Mr. Ross' back, pushing him stomach down in his car.

22.     In response to defendant LORIA's needless and otherwise unreasonable assault on Harrison Ross, plaintiff JANELLE ROSS exited the Burger King in an effort to determine what was happening to her brother, and thereafter re-entered the Burger King in order to call, among other people, her mother, to let her know what was happening.

23.     At no time while plaintiff JANELLE ROSS was outside did she jump on defendant LORIA's back, nor did she engage in conduct which interfered in defendant LORIA's unlawful actions directed at Harrison Ross or that was otherwise unlawful.

24.     Shortly after plaintiff JANELLE ROSS went back into Burger King, additional NYPD officers arrived on scene.

25.     Harrison Ross then got out of his vehicle and stood against the driver's side of his car.

26.     Harrison Ross was subjected to continued unnecessary force and placed under arrest and taken away in police custody.

27.     Sometime after Harrison Ross was removed from the scene, defendant MARESCA came into Burger King and arrested plaintiff JANELLE ROSS, despite lacking probable cause to believe she had committed any crime or offense.

28.     Plaintiff JANELLE ROSS was also handcuffed, imprisoned in a police vehicle and transported to the 121st police precinct.

29.     Plaintiff was processed at the 121st police precinct and then brought to the 120th

precinct, which functioned as a "Central Booking" facility for Staten Island, where she remained in jail.

30.     Plaintiff was held in custody until March 14, 2016, when she was arraigned on charges filed under docket number 2016RI002068, based on the false allegations of defendant LORIA, which LORIA conveyed to the Richmond County District Attorney, claiming that Ms. Ross had obstructed governmental administration by purportedly jumping on defendant LORIA's back.

31.     These allegations were false and manufactured

32.     Plaintiff JANELLE ROSS was granted an adjournment in contemplation of dismissal at her arraignment on March 14, 2016, and all of the false charges levied against her were subsequently dismissed and sealed and otherwise deemed a legal nullity on September 13, 2016, after they were hanging over plaintiff's head for a six-month period.

33.     Defendants ERIC LORIA and JEFFREY MARESCA participated in or were present or otherwise aware of the incident and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

34.     Defendant MARESCA was personally involved in his capacity as a supervisor as well insofar as, *inter alia,* was personally involved in the incident, he authorized plaintiff's arrest, and to the extent he otherwise failed to take necessary actions to adequately supervise his subordinate employee, defendant LORIA.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff JANELLE ROSS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United

5

States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     As a result of the foregoing, plaintiff JANELLE ROSS sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendants Loria and Maresca)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants arrested plaintiff JANELLE ROSS without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

43.     Defendants caused plaintiff JANELLE ROSS to be falsely arrested and unlawfully imprisoned.

44.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Loria)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants created false evidence against plaintiff JANELLE ROSS.

47.     Defendants utilized this false evidence against plaintiff JANELLE ROSS in legal proceedings.

48.     As a result of defendants' creation and use of false evidence, plaintiff JANELLE ROSS suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

49.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendants Loria and Maresca)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants had an affirmative duty to intervene on behalf of plaintiff JANELLE ROSS, whose constitutional rights were being violated in their presence by other officers.

52.     The defendants failed to intervene to prevent the unlawful conduct described herein.

53.     As a result of the foregoing, plaintiff JANELLE ROSS was subjected to false arrest and fabrication of evidence.

54.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Maresca)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The supervisory defendant, JEFFREY MARESCA, personally caused plaintiff JANELLE ROSS'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees and by authorizing and otherwise being personally involved in plaintiff's arrest and the fabrication of evidence against her.

57.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Supplemental State Law Claims**

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

63.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## **AS AND FOR A FIFTH CAUSE OF ACTION**
### (False Arrest under the laws of the State of New York against All Defendants)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants arrested plaintiff JANELLE ROSS without probable cause.

66.     Plaintiff JANELLE ROSS was detained against her will for an extended period of time and subjected to physical restraints.

67.     As a result of the aforementioned conduct, plaintiff JANELLE ROSS was unlawfully imprisoned in violation of the laws of the State of New York.

68.     As a result of the aforementioned conduct, plaintiff JANELLE ROSS suffered pain and suffering, emotional distress, and loss of liberty.

69.     The individually named defendants caused the wrongful arrests of plaintiff JANELLE ROSS.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

70.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Battery under the laws of the State of New York against All Defendants)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants made offensive contact with plaintiff without privilege or consent.

73.     As a result of defendants' conduct, plaintiff suffered pain and suffering, emotional distress and loss of liberty.

74.     The individually named defendants battered plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

75.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of NYS Constitution against Defendant City of New York Article 1 §12 Against Defendant City)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions, including to be free from false arrest and fabrication of evidence.

78.     As a result of the foregoing, plaintiff JANELLE ROSS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JANELLE ROSS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
        August 7, 2018

BRETT H. KLEIN, ESQ., PLLC
Attorneys for JANELLE ROSS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:    ___s/ Brett Klein_____
        BRETT H. KLEIN (BK4744)

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JANELLE ROSS,

                                        Plaintiffs,

                                                                17 CV 3505
            -against-                                           (PKC) (SMG)

CITY OF NEW YORK, ERIC LORIA, Individually, and
JEFFREY MARESCA, Individually,

                                        Defendants.

-------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132