17 CV 3505 (PKC) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANELLE ROSS,

Plaintiff,

-against-

CITY OF NEW YORK, ERIC LORIA, Individually, and
JEFFREY MARESCA, Individually,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kavin Thadani*
*Tel: (212) 356-2351*
*Matter No. 2017-038747*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

STATEMENT OF FACTS ....................................................................................... 2

STANDARD OF LAW ............................................................................................ 3

ARGUMENT

      POINT I

             PLAINTIFF'S    FALSE    ARREST    CLAIMS
             SHOULD BE DISMISSED ............................................................ 4

             A.   There Was Probable Cause to Arrest Plaintiff ..................................... 5

             B.   Defendants Are Entitled to Qualified Immunity ................................. 9

      POINT II

             PLAINTIFF'S FAIR TRIAL CLAIM SHOULD BE
             DISMISSED ............................................................................... 12

      POINT III

             PLAINTIFF'S    FAILURE    TO    INTERVENE
             CLAIM SHOULD BE DISMISSED ........................................... 14

      POINT IV

             PLAINTIFF'S    SUPERVISORY    LIABILITY
             CLAIM SHOULD BE DISMISSED ........................................... 15

      POINT V

             PLAINTIFF'S BATTERY CLAIM SHOULD BE
             DISMISSED ............................................................................... 15

CONCLUSION.......................................................................................................... 16

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                    <u>Pages</u>

*Alston v. Bendheim*,
    672 F. Supp. 2d 378 (S.D.N.Y. 2009) ................................................................15

*Anderson v. Creighton*,
    483 U.S. 635 (1987)...........................................................................................10

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)............................................................................................3

*Antic v. City of New York*,
    273 F. Supp. 3d 445 (S.D.N.Y. 2017) ..........................................................7, 11

*Antic v. City of New York*,
    Nos. 17-2670-cv (L), 17-2674-cv(CON),
    2018 U.S. App. LEXIS 19941 (2d Cir. July 19, 2018)......................................7

*Baksh v. City of New York*,
    No. 15-CV-7065 (NGG) (ST),
    2018 U.S. Dist. LEXIS 60167 (E.D.N.Y. Mar. 31, 2018)..............................8

*Bernard v. United States*,
    25 F.3d 98 (2d Cir. 1994) ..................................................................................5

*Blouin ex rel. Estate of Pouliot v. Spitzer*,
    356 F.3d 348 (2d Cir. 2004) ..............................................................................9

*Brown v. City of New York*,
    No. No. 14 Civ 5372 (BMC),
    2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014).............................12

*Calvert v. Katy Taxi, Inc.*,
    413 F.2d 841 (2d Cir. 1969) ...........................................................................3-4

*Cerrone v. Brown*,
    246 F.3d 194 (2d Cir. 2001) .......................................................................10-11

*Curley v. Vill. of Suffern*,
    268 F.3d 65 (2d Cir. 2001) ................................................................................5

*In re Davan L.*,
    689 N.E.2d 909 (N.Y. 1997)..............................................................................7

**Cases**                                                                                                                **Pages**

*De Michele v. City of New York*,
No. 09 Civ. 9334 (PGG),
2012 U.S. Dist. LEXIS 136460 (S.D.N.Y. Sept. 24, 2012)........................................................6

*Decker v. Campus*,
981 F. Supp. 851 (S.D.N.Y. 1997) ...............................................................................7-8

*Devenpeck v. Alford*,
543 U.S. 146 (2004)....................................................................................................6

*Elek v. Inc. Vill. of Monroe*,
815 F. Supp. 2d 801 (S.D.N.Y. 2011) ...........................................................................15

*Evans v. Solomon*,
681 F. Supp. 2d 233 (E.D.N.Y. 2010) ...........................................................................5

*Figueroa v. Mazza*,
No. 14-4116-cv, 2016 U.S. App. LEXIS 10152 (2d Cir. June 3, 2016)................................11

*Ganek v. Leibowitz*,
874 F.3d 73 (2d Cir. 2017) ...............................................................................12, 13

*Girden v. Sandals International*,
262 F.3d 195 (2d Cir. 2001) ....................................................................................15

*Gisondi v. Harrison*,
528 N.E.2d 157 (N.Y. 1988).......................................................................................5

*Gondola v. City of New York*,
No. 1:16-cv-00369-ENV-SMG (Oct. 17, 2016) ...............................................................1-2

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)................................................................................................10

*Haussman v. Fergus*,
894 F. Supp. 142 (S.D.N.Y. 1995) ................................................................................6

*Hilderbrandt v. City of New York*,
No. 13-CV-1955 (ARR) (VVP),
2014 U.S. Dist. LEXIS 128170 (E.D.N.Y. Sep. 11, 2014) .....................................................7

*Hollins v. City of New York*,
No. 10 Civ. 1650 (LGS),
2014 U.S. Dist. LEXIS 183076 (S.D.N.Y Mar. 3, 2014) .......................................................1

**Cases**        **Pages**

*Hoyos v. City of New York*,
   999 F. Supp. 2d 375 (E.D.N.Y. 2013) .................................................................. 12

*Hunter v. Bryant*,
   502 U.S. 224 (1991)........................................................................................... 9

*Husbands v. City of New York*,
   No. 05 Civ. 9252 (NRB),
   2007 U.S. Dist. LEXIS 61042 (S.D.N.Y. Aug. 16, 2007)........................................ 7

*Jackson v. City of New York*,
   939 F. Supp. 2d 219 (E.D.N.Y. 2013) .................................................................. 14

*Jaegly v. Couch*,
   439 F.3d 149 (2d Cir. 2006) ............................................................................... 6

*Jenkins v. City of New York*,
   No. 10 Civ. 4535 (AJN),
   2013 U.S. Dist. LEXIS 33331 (S.D.N.Y. Mar. 6, 2013)....................................5, 16

*Jones v. Parmley*,
   465 F.3d 46 (2d Cir. 2006) ................................................................................. 10

*Jovanovic v. City of New York*,
   486 F. App'x 149 (2d Cir. 2012) ........................................................................ 12

*Leibovitz v. City of New York*,
   No. 14 Civ. 3297 (RA),
   2016 U.S. Dist. LEXIS 35556 (S.D.N.Y. Mar. 17, 2016) ..................................... 15

*Little v. Massari*,
   526 F. Supp. 2d 371 (E.D.N.Y. 2007) .............................................................. 5-6

*Maciariello v. Sumner*,
   973 F.2d 295 (4th Cir. 1992) .............................................................................. 10

*Malley v. Briggs*,
   475 U.S. 335 (1986)........................................................................................... 10

*Manganiello v. City of New York*,
   612 F.3d 149 (2d Cir. 2010) ............................................................................... 5

*Mangum v. City of New York*,
   No. 15 Civ. 8810 (PAE),
   2016 U.S. Dist. LEXIS 119213 (S.D.N.Y. Sep. 2, 2016)....................................... 14

**Cases**                                                                                          **Pages**

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)................................................................................................4

*Matthew of Daniel M.*,
    37 A.D.3d 1101 (N.Y. App. Div. 2007) ...............................................................7

*McClellan v. Smith*,
    439 F.3d 137 (2d Cir. 2006) ...............................................................................11

*McIntosh v. City of New York*,
    722 F. App'x 42 (2d Cir. 2018) ...........................................................................13

*Mesa v. City of New York*,
    No. 09 Civ. 10464 (JPO),
    2013 U.S. Dist. LEXIS 1097 (S.D.N.Y. Jan. 3, 2013) ....................................9, 10

*Michigan v. DeFillippo*,
    443 U.S. 31 (1979)................................................................................................6

*Mistretta v. Prokesch*,
    5 F. Supp. 2d 128 (E.D.N.Y. 1998) ......................................................................5

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)..............................................................................................9

*Nebraska v. Wyoming*,
    507 U.S. 584 (1993)..............................................................................................4

*Panetta v. Crowley*,
    460 F.3d 388 (2d Cir. 2006) .................................................................................5

*People v. Cooper*,
    38 A.D.3d 678 (N.Y. App. Div. 2007) .................................................................8

*People v. Tarver*,
    188 A.D.2d 938 (N.Y. App. Div. 1992) ...............................................................8

*Petway v. City of New York*,
    No. 12-CV-279 (ARR)(LB),
    2014 U.S. Dist. LEXIS 28361 (E.D.N.Y. Mar. 4, 2014).....................................7

*Poe v. Leonard*,
    282 F.3d 123 (2d Cir. 2002) ...............................................................................10

**Cases**                                                                    **Pages**

*Polanco v. Gargir*,
   No. 14 Civ. 7986 (NRB),
   2018 U.S. Dist. LEXIS 54758 (S.D.N.Y. Mar. 28, 2018) ................................ 12-13

*Raspardo v. Carlone*,
   770 F.3d 97 (2d Cir. 2014) ................................................................................. 15

*Rateau v. City of New York*,
   No. 06-CV-4751 (KAM) (CLP),
   2009 U.S. Dist. LEXIS 90112 (E.D.N.Y. Sep. 29, 2009) ...................................... 16

*Ricciuti v. New York City Transit Auth.*,
   124 F.3d 123 (2d Cir. 1997) ................................................................................ 11

*Scotto v. Almenas*,
   143 F.3d 105 (2d Cir. 1998) ................................................................................... 3

*Singer v. Fulton County Sheriff*,
   63 F.3d 110 (2d Cir. 1995) ...................................................................................... 4

*Stokes v. City of New York*,
   No. 05-CV-0007 (JFB) (MSG),
   2007 U.S. Dist. LEXIS 32787 (E.D.N.Y. May 3, 2007) ....................................... 16

*Torres v. City of New York*,
   No. 16 Civ. 6719 (BMC),
   2017 U.S. Dist. LEXIS 158883 (E.D.N.Y. Sept. 27, 2017) .................................. 13

*Vartholomeou v. City of New York*,
   No. 15 CV 4996 (PKC)(LB),
   2018 U.S. Dist. LEXIS 1168 (E.D.N.Y. Jan. 2, 2018) ......................................... 14

*Weyant v. Okst*,
   101 F.3d 845 (2d Cir. 1996) ................................................................................... 5

*Wieder v. City of New*
   York, 569 F. App'x 28, 30 (2d Cir. 2014) ........................................................... 14

*Ying Jing Gan v. City of New York*,
   996 F.2d 522 (2d Cir. 1993) .................................................................................... 4

*Zahrey v. Coffey*,
   221 F.3d 342 (2d Cir. 2000) ................................................................................. 12

*Zellner v. Summerlin*,
   494 F.3d 344 (2d Cir. 2007) ................................................................................... 6

**Cases**                                                                                      **Pages**

**Statutes**

42 U.S.C. § 1983.............................................................................................................1

Fed. R. Civ. P. 56......................................................................................................1, 2, 3

Local Rule 56.1...............................................................................................................2

N.Y.S. Penal Law § 195.05 ...........................................................................................6

N.Y. Veh. & Traf. Law § 507(2) ...................................................................................8

N.Y. Veh. & Traf. Law § 509(1) ...................................................................................8

N.Y. Veh. & Traf. Law § 1102 ......................................................................................8

N.Y. Veh. & Traf. Law § 1203-b ...................................................................................8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANELLE ROSS,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, ERIC LORIA, Individually, and
JEFFREY MARESCA, Individually,

                                        Defendants.

------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION FOR SUMMARY
JUDGMENT**

17 CV 3505 (PKC) (SMG)

      Defendants City of New York ("City"), Eric Loria ("Loria") and Jeffrey Maresca ("Maresca"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

<u>**PRELIMINARY STATEMENT**</u>

      Plaintiff Janelle Ross brings this action, pursuant to 42 U.S.C. § 1983 and New York state law, alleging violation of her civil rights.[1]  Specifically, plaintiff asserts federal claims of false arrest / unlawful imprisonment, violation of the right to a fair trial, failure to intervene, and supervisory liability, and state law claims of false arrest and battery, against Loria and Maresca.[2]

---

[1]    Plaintiff Harrison Ross is no longer a party to this action. *See* Docket Sheet (Mar. 12, 2018).

[2]    Plaintiff also brings a claim asserting violation of the New York State Constitution however "[c]ourts in the Second Circuit generally agree that the New York State Constitution creates no individual liability where § 1983 provides a remedy." *See, e.g., Hollins v. City of New York*, No. 10 Civ. 1650 (LGS), 2014 U.S. Dist. LEXIS 183076, at *36 (S.D.N.Y Mar. 3, 2014); *see also, e.g.,* Docket Sheet, *Gondola v. City of New York*, No. 1:16-cv-00369-ENV-SMG (Oct. 17, 2016) ("[T]here is no private right of action under the New York State Constitution for claims that are

Defendants now move for summary judgment on plaintiff's claims pursuant to Fed. R. Civ. P. 56 on the grounds that: (1) plaintiff's false arrest claims fails as a matter of law because there was probable cause, and at least "arguable probable cause," to arrest plaintiff based upon the undisputed fact that, while Officer Loria was attempting to remove plaintiff's brother out of his vehicle and effectuate an arrest, plaintiff grabbed and tugged Officer Loria's uniform shirt in order to get him off of her brother; (2) plaintiff's fair trial claim fails as a matter of law because plaintiff cannot establish a sufficient deprivation of liberty caused by any alleged fabrication(s); (3) plaintiff's failure to intervene claim fails as a matter of law because plaintiff is unable to establish an underlying constitutional violation; (4) plaintiff's supervisory liability claim likewise fails as a matter of law because plaintiff is unable to establish an underlying constitutional violation; and (5) plaintiff's battery claim fails as a matter of law because any intentional contact was made in connection with a lawful arrest.

## STATEMENT OF FACTS

On March 12, 2016, at approximately 5:30 p.m., plaintiff Janelle Ross was working at a Burger King restaurant located in Staten Island, New York. *See* Defendants' Statement Pursuant to Local Rule 56.1 ("56.1 Stmt.") at ¶ 1. While doing so, she observed her brother, Harrison Ross, inside of an automobile, which was parked outside in a handicapped parking spot. *See id.* at ¶ 2. Plaintiff further observed Officer Loria, who was wearing his uniform, open the driver's side door of that automobile and attempt to remove her brother from inside. *See id.* at ¶ 3. Prior to opening the driver's side door of the automobile, Officer Loria had asked to see Mr. Ross's driver's license and registration, however Mr. Ross refused to comply. *See id.* at ¶ 4.

remediable under Section 1983 or other state laws"). Accordingly, plaintiff's New York State Constitution claim should be dismissed.

Plaintiff proceeded to run outside of the Burger King restaurant "to see what was going on." *Id.* at ¶ 5. While Officer Loria was standing outside of the automobile and attempting to remove her brother from inside, plaintiff grabbed and tugged Officer Loria's uniform shirt in order to get him off of her brother. *See id.* at ¶ 6. Accordingly, Officer Loria asked plaintiff to get off of him. *See id.* at ¶ 7. Once plaintiff realized she was not able to get Officer Loria off of her brother, she let go of his shirt and ran back inside of the Burger King restaurant. *See id.* at ¶ 8.

Plaintiff's brother was eventually arrested and charged with, *inter alia*, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, Resisting Arrest, and Obstructing Governmental Administration in the Second Degree, and he pled guilty to Driving Without a License. *See id.* at ¶ 9. Plaintiff was arrested for Obstructing Governmental Administration ("OGA") in the Second Degree. *See id.* at ¶ 10. At her arraignment, plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD"). *See id.* at ¶ 11. Following her arraignment, plaintiff made no additional court appearances. *See id.* at ¶ 12.

## STANDARD OF LAW

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). At this stage, the Court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In opposing summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). The party bearing the burden of proof has no right to take the case to trial if a

3

favorable verdict could only be the product of surmise, speculation, and conjecture.  *See, e.g., Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 844 (2d Cir. 1969).  Therefore, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

A plaintiff has the burden to present admissible evidence which would tend to show that there is a genuine issue of fact with respect to their claims for trial.  *See e.g., Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (finding that when the nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if non-movant fails to make showing on essential element of its claim).

In the instant matter, summary judgment should be granted in favor of defendants because there are no genuine issues of material fact which warrant a trial.

## ARGUMENT

### POINT I

### PLAINTIFF'S FALSE ARREST CLAIMS SHOULD BE DISMISSED

In order to state a claim for false arrest, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks and citation omitted).

## A.  There Was Probable Cause to Arrest Plaintiff

"The existence of probable cause to arrest constitutes justification and is a 'complete defense to an action for false arrest.'"  *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *see also, e.g., Jenkins v. City of New York*, No. 10 Civ. 4535 (AJN), 2013 U.S. Dist. LEXIS 33331, at *18 (S.D.N.Y. Mar. 6, 2013) ("Probable cause is an absolute defense to a § 1983 claim of false arrest.").  "An arrest is supported by probable cause 'when the officers have knowledge of or reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'"  *Jenkins*, 2013 U.S. Dist. LEXIS 33331, at *18 (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)).  "An officer's subjective motivation is irrelevant to the probable-cause Fourth Amendment analysis."  *Evans v. Solomon*, 681 F. Supp. 2d 233, 246 (E.D.N.Y. 2010)

"Once a police officer has a reasonable basis to believe there is probable cause to arrest, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest."  *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)).  "Nor does it matter that an investigation might have cast doubt upon the basis for the arrest."  *Id.*  Quite simply, "[t]he police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it."  *Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).  Furthermore, police officers "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause."  *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998).  "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor,

judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Little v. Massari*, 526 F. Supp. 2d 371, 375 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

Courts have also repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004)); *see also Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.").

In addition, "the validity of an arrest does not depend upon an ultimate finding of guilt or innocence." *See, e.g., Haussman v. Fergus*, 894 F. Supp. 142, 147 (S.D.N.Y. 1995). Thus, whether the charges for which plaintiffs were arrested are later dismissed is irrelevant to a determination of probable cause at the time of arrest. *See, e.g., Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *see also, e.g., De Michele v. City of New York*, No. 09 Civ. 9334 (PGG), 2012 U.S. Dist. LEXIS 136460, at *22 (S.D.N.Y. Sept. 24, 2012) ("The eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest.").

Here, by plaintiff's own admission, there was at least probable cause to arrest her for OGA. Pursuant to New York State Penal Law § 195.05, at the time of the plaintiff's arrest, "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of

6

intimidation, physical force or interference, or by means of an independently unlawful act."
Merely approaching the police, speaking during the course of a police action, or disregarding
police instructions will support a conviction for OGA. *See, e.g., Antic v. City of New York*, 273
F. Supp. 3d 445, 453 (S.D.N.Y. 2017); *see also, e.g., Antic v. City of New York*, Nos. 17-2670-
cv(L), 17-2674-cv(CON), 2018 U.S. App. LEXIS 19941, at *5 (2d Cir. July 19, 2018)
("[A]ctionable interference can consist of inappropriate and disruptive conduct at the scene of
the performance of an official function even if there is no physical force involved.") (internal
quotation marks and citation omitted); *Hilderbrandt v. City of New York*, No. 13-CV-1955
(ARR) (VVP), 2014 U.S. Dist. LEXIS 128170, at *10 (E.D.N.Y. Sep. 11, 2014) ("The physical
requirement need not be satisfied by the use of physical force, but can be met instead by the
physical encroachment on police officers' work or by the performance of threatening and
distracting movements near officers."); *see also, e.g., In re Davan L.*, 689 N.E.2d 909, 911 (N.Y.
1997) ("The Legislature intended and enacted that criminal responsibility should attach to
minimal interference set in motion to frustrate police activity.").

      It is also well-settled that interfering with the arrest of a third party constitutes
OGA. *See, e.g., Petway v. City of New York*, No. 12-CV-279 (ARR)(LB), 2014 U.S. Dist.
LEXIS 28361, at *20 (E.D.N.Y. Mar. 4, 2014); *Husbands v. City of New York*, No. 05 Civ. 9252
(NRB), 2007 U.S. Dist. LEXIS 61042, at *43-45 (S.D.N.Y. Aug. 16, 2007) (finding that
plaintiff's actions (1) in attempting to speak with her brother while officers were attempting to
arrest him and (2) by taking a step toward the officers constituted OGA); *Matthew of Daniel M.*,
37 A.D.3d 1101, 1103 (N.Y. App. Div. 2007) (holding that plaintiff's interference with an
officer's attempt to arrest his father constituted OGA); *Decker v. Campus*, 981 F. Supp. 851, 858
(S.D.N.Y. 1997) ("[P]laintiff admits that he approached a rescue worker, touched his arm, and

asked him questions, while the worker was trying to save Mrs. Decker's life.   In doing so, plaintiff obstructed the duties of [a] government official[] and risked delaying the rescue of his wife."); *People v. Tarver,* 188 A.D.2d 938 (N.Y. App. Div. 1992) (finding that "[t]hreatening approach by defendant toward back of police officer struggling to arrest suspect" constituted "knowing, physical interference with and disruption of official function being performed" by a police officer).

As explained above, plaintiff admits that, while Officer Loria was attempting to remove her brother out of his vehicle and effectuate a lawful arrest,[3] plaintiff grabbed and tugged Officer Loria's uniform shirt in order to get him off of her brother. *See* 56.1 Stmt. at ¶ 6. For example, plaintiff testified that "***I grabbed his shirt***, like not like grab like, choking, just like, ***just to get him off, just like, tugging just to get him off***. . . . And he wouldn't get off, so then I ran inside . . . ."  CCRB Telephone Interview Transcript at 2:11-15, annexed to the Declaration of Kavin Thadani, dated November  5, 2018 ("Thadani Decl.") as Exhibit D (emphasis added); *see also id.* at 3:4-6 (Q:        You – can you like just describe how you tried to get the officer off your brother? A:        I grabbed his shirt).   Similarly, plaintiff also testified as follows:

---

[3]        There is no dispute that there was probable cause to arrest non-party Harrison Ross.  As an initial matter, Mr. Ross was parked in a handicapped parking spot in violation of New York Vehicle and Traffic Law § 1203-b.  See 56.1 Stmt. at ¶ 2.  Moreover, Mr. Ross's refusal to provide Officer Loria with his driver's license and registration, *see id.* at ¶ 4, not only violated New York Vehicle and Traffic Law Section 1102 ("No person shall fail to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic."), but was "presumptive evidence that he [wa]s not duly licensed."  N.Y. Veh. & Traf. Law § 507(2); *see also, e.g., Baksh v. City of New York,* No. 15-CV-7065 (NGG) (ST), 2018 U.S. Dist. LEXIS 60167, at *14 (E.D.N.Y. Mar. 31, 2018) ("Plaintiff's inability to produce his driver's license created a presumption under New York law that he was in violation of § 509(1), and thus furnished the Officer Defendants with probable cause to arrest."); *People v. Cooper,* 38 A.D.3d 678, 680 (N.Y. App. Div. 2007) ("The defendant's refusal to provide identification was sufficient to provide probable cause to believe the defendant was operating the truck without a license.").  In addition, Mr. Ross pled guilty to Driving Without a License.  See 56.1 Stmt. at ¶ 9.

Q:      . . . . When you – when you went and tugged on Officer Loria's

shirt when he was trying to pull your brother out of the case, like

where on the shirt did you grab him?

A:      Like, like, almost like by his collar.

Q:      Okay.  Kinda like upper back?

A:      Yeah.

Q:      And how long were you holding onto his shirt for?

A:      For like a few seconds.  ***Once I realized like he wasn't like***

***budging, I let go***.

CCRB Interview Transcript at 22:8-16, Thadani Decl., Ex. B (emphasis added).

Accordingly, plaintiff readily admits to conduct which has routinely been found to

constitute OGA and, therefore, plaintiff's false arrest claims should be dismissed.

**B.      Defendants Are Entitled to Qualified Immunity**

Qualified immunity is "an immunity from suit rather than a mere defense to

liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*

*v. Forsyth*, 472 U.S. 511, 526 (1985).  This doctrine is "an entitlement not to stand trial or face

the other burdens of litigation." *Id.*  Therefore, qualified immunity questions should be resolved

"at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

New York law affords "a defense of qualified immunity for government officials

to state law claims such as those for false arrest and imprisonment wherever the official's action

is not taken in bad faith or without a reasonable basis." *Mesa v. City of New York*, No. 09 Civ.

10464 (JPO), 2013 U.S. Dist. LEXIS 1097, at *37-38 (S.D.N.Y. Jan. 3, 2013) (citing *Blouin ex*

*rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 364 (2d Cir. 2004)).  "This reasonableness

standard is the same standard as that applied in federal qualified immunity analysis; thus, where

an officer's actions are deemed objectively reasonable, that officer will be immune under both federal and state law." *Mesa*, 2013 U.S. Dist. LEXIS 1097, at *38 (citing *Jones v. Parmley*, 465 F.3d 46, 64 (2d Cir. 2006)).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002). Law enforcement officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The application of qualified immunity is important because "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials − like other officials who act in ways they reasonably believe to be lawful − should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The qualified immunity standard is often referred to as "arguable probable cause" and is defined by the Second Circuit as existing when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question ***could*** have reasonably believed that probable cause existed in the light of well established law." *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001) (internal quotation marks and citation omitted)

(emphasis in original). Further, "an arresting officer is entitled to qualified immunity "as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met." *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (internal quotation marks, emphasis and citation omitted); *see also, e.g., Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("A police officer is entitled to qualified immunity shielding him or her from damages for false arrest where (1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest."). "Put another way, an arresting officer will find protection under the defense of qualified immunity unless 'no reasonably competent officer' could have concluded, based on the facts known at the time of the arrest, that probable cause existed." *Figueroa v. Mazza*, No. 14-4116-cv, 2016 U.S. App. LEXIS 10152, at *21 (2d Cir. June 3, 2016).

Here, it was certainly objectively reasonable for the defendants to believe there was probable cause to arrest plaintiff based upon the undisputed fact that, while Officer Loria was attempting to remove plaintiff's brother out of his vehicle and effectuate an arrest, plaintiff grabbed and tugged Officer Loria's uniform shirt in order to get him off of her brother. *See, e.g., Antic v. City of New York*, 273 F. Supp. 2d at 453-54 (granting qualified immunity and finding "arguable probable cause" to arrest for OGA where it was undisputed that plaintiff made some sort of physical conduct with, and attempted to ask a question to, an officer while he was attempting to make an arrest). Therefore, because there was at least "arguable probable cause" to arrest plaintiff, defendants are entitled to qualified immunity.

## POINT II

### PLAINTIFF'S FAIR TRIAL CLAIM SHOULD
### BE DISMISSED

"A plaintiff establishes a constitutional violation for denial of the right to a fair

trial based on fabrication of evidence if he proves that 'an (1) investigating official (2) fabricates

evidence (3) that is likely to influence a jury's decision, (4) forwards that information to

prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" *Brown v. City of*

*New York*, No. No. 14 Civ. 5372 (BMC), 2014 U.S. Dist. LEXIS 181736, at *3 (E.D.N.Y. Dec.

23, 2014) (quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)).

"Therefore, in order to have a cognizable claim for denial of the right to a fair trial, a plaintiff

must establish a ***causal connection*** between the fabricated evidence and his deprivation of

liberty." *Id.* (emphasis added) (citing *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("***The***

***manufacture of false evidence, 'in and of itself' . . . does not impair anyone's liberty***, and

therefore does not impair anyone's constitutional right.") (emphasis added).

Here, plaintiff appears to allege that Officer Loria falsely informed prosecutors

that plaintiff jumped on his back. *See* Second Amended Complaint (Docket No. 29) at ¶ 30.

However, plaintiff is unable to establish that any such alleged false information caused her to

suffer a deprivation of liberty. Indeed, "where independent probable cause exists for the

prosecution, plaintiff must show that the misconduct caused some deprivation ***above and beyond***

the fact of the prosecution itself." *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 394

(E.D.N.Y. 2013) (emphasis added); *see also, e.g., Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir.

2017) (plaintiff cannot state a claim for a liberty deprivation attributable to an arrest support by

probable cause, unless "the fabricated evidence causes some 'further deprivation'") (citation

omitted); *Polanco v. Gargir*, No. 14 Civ. 7986 (NRB), 2018 U.S. Dist. LEXIS 54758, at *31

(S.D.N.Y. Mar. 28, 2018) ("[A] denial of the right to a fair trial claim requires a 'further deprivation' than any lost liberty or property that would have occurred without the fabrication.") (quoting *Ganek*, 874 F.3d at 91); *Torres v. City of New York*, No. 16 Civ. 6719 (BMC), 2017 U.S. Dist. LEXIS 158883, at *14-15 (E.D.N.Y. Sept. 27, 2017).

Here, as explained, there was independent probable cause to arrest and prosecute plaintiff based solely upon the undisputed fact that she grabbed and tugged on Officer Loria's uniform shirt in an attempt to get him off her brother. Plaintiff cannot establish that she suffered any deprivation of liberty "above and beyond the fact of the prosecution itself" as a result of any alleged false statement that plaintiff jumped on Loria's back. For example, plaintiff was not charged with any additional, more serious crimes beyond OGA, a charge which does not require that an individual jump on a police officer's back, such as assaulting an officer. In other words, it is immaterial to the charge of OGA whether plaintiff grabbed and tugged on Officer Loria's uniform shirt or jumped on his back – both actions would equally constitute OGA. Moreover, plaintiff accepted an ACD at her arraignment and made no additional court appearances thereafter. *See* 56.1 Stmt. at ¶¶ 11-12.

Therefore, because plaintiff cannot point to any evidence from which a reasonable jury could conclude that the allegedly false information from Loria that plaintiff jumped on his back was material or caused her to suffer any further deprivation of liberty "above and beyond the prosecution itself" as a result, plaintiff's fair trial claim should be dismissed. *See, e.g., McIntosh v. City of New York*, 722 F. App'x 42, 45 (2d Cir. 2018) ("There is no basis for finding that [plaintiff] suffered a deprivation of liberty as a result of fabricated evidence because her arrest was supported by probable cause, she was subsequently released on her own recognizance at her arraignment, and the charges against [him] were dismissed shortly thereafter.").

13

## POINT III

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM SHOULD BE DISMISSED

As an initial matter, as the Court has previously explained, because plaintiff alleges that defendants Loria and Maresca directly participated in the alleged wrongful acts, they may not also be held liable for failure to intervene. *See, e.g., Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene."); *see also* Docket Sheet (Sep. 7, 2018) ("The Court urged Plaintiff's counsel to consider withdrawing the failure to intervene claims against Defendants Loria and Maresca, both of whom are also alleged to have directly participated in Plaintiff's false arrest.").

In any event, plaintiff's failure to intervene claim should also be dismissed because, as explained, she is unable to establish an underlying constitutional violation upon which to intervene. *See, e.g., Wieder v. City of New* York, 569 F. App'x 28, 30 (2d Cir. 2014) ("Because the underlying constitutional claims were properly dismissed, we also affirm the district court's dismissal of plaintiff's failure to intervene claim."); *Vartholomeou v. City of New York*, No. 15 CV 4996 (PKC)(LB), 2018 U.S. Dist. LEXIS 1168, at *16 (E.D.N.Y. Jan. 2, 2018) ("As plaintiff fails to establish that any defendant violated her constitutional rights, defendants' motion for summary judgment should be granted on Plaintiff's failure to intervene claim."); *Mangum v. City of New York*, No. 15 Civ. 8810 (PAE), 2016 U.S. Dist. LEXIS 119213, at *27 (S.D.N.Y. Sep. 2, 2016) ("A plaintiff cannot succeed on a claim for failure to intervene under § 1983 when there is no underlying constitutional violation.").

14

## POINT IV

### PLAINTIFF'S SUPERVISORY LIABILITY CLAIM SHOULD BE DISMISSED

Plaintiff's supervisory liability claim against defendant Maresca should likewise be dismissed because she has failed to establish any underlying constitutional violation. *See, e.g., Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014) ("Because we have held that there was no underlying constitutional violation, there is also no supervisory liability."); *Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("[B]ecause Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983 supervisor liability'); *Alston v. Bendheim*, 672 F. Supp. 2d 378, 388 (S.D.N.Y. 2009) ("The failure to state a claim for an underlying constitutional violation forecloses supervisory liability.").

## POINT V

### PLAINTIFF'S BATTERY CLAIM SHOULD BE DISMISSED

"Under New York law, . . . 'a battery is 'an intentional wrongful physical contact with another person without consent.'" *Leibovitz v. City of New York*, No. 14 Civ. 3297 (RA) (JCF), 2016 U.S. Dist. LEXIS 35556, at *22 (S.D.N.Y. Mar. 17, 2016) (quoting *Girden v. Sandals International*, 262 F.3d 195, 203 (2d Cir. 2001)).  However, "where there has been a lawful arrest, intentional contact with the arrested person does not constitute . . . battery, provided such force is reasonable." *Id.* (internal quotation marks and citation omitted).

Here, plaintiff has not alleged that any defendant used excessive force against her. Therefore, because any intentional contact with plaintiff was made only in connection with a lawful arrest, plaintiff's battery claim should be dismissed. *See id.* at *22-23 ("The absence of any allegation that [defendant] used excessive force, combined with the conclusion that

15

[defendant's] arrest of the plaintiff was lawful, forecloses the [battery] claim."); *see also, e.g.,*

*Stokes v. City of New York*, No. 05-CV-0007 (JFB) (MSG), 2007 U.S. Dist. LEXIS 32787, at \*50

(E.D.N.Y. May 3, 2007) ("[U]nder New York law, reasonable force used during a lawful arrest

is privileged.").[4]

## CONCLUSION

For the foregoing reasons, defendants City, Loria and Maresca respectfully

request that the Court grant their motion for summary judgment in its entirety, with prejudice,

together with costs and fees the Court deems just and proper.

Dated:     New York, New York
           November 2, 2018


                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 356-2351

                              By:       _____

                                        KAVIN THADANI
                                        Senior Counsel
                                        Special Federal Litigation Division

TO:    **VIA MAIL AND E-MAIL**
       Brett Klein, Esq.
       *Attorney for Plaintiff*

---

[4]   To the extent that plaintiff raises a *respondeat superior* claim, it should also be dismissed since, as explained above, plaintiff's state law false arrest and battery claims are without merit because there was ample probable cause to arrest plaintiff.  It is well-settled that "there can be no imposition of vicarious liability in the absence of underlying liability." *Rateau v. City of New York*, No. 06-CV-4751 (KAM) (CLP), 2009 U.S. Dist. LEXIS 90112, at \*42-43 (E.D.N.Y. Sep. 29, 2009) (internal quotation marks and citation omitted); *see also e.g., Jenkins v. City of New York*, 2013 U.S. Dist. LEXIS 33331, at \*41-42 ("As summary judgment has been granted for Defendants on all of [plaintiff's] state law causes of action, summary judgment is also GRANTED with respect to her claim against the City for *respondeat superior* liability."). Therefore, because plaintiff's state law false arrest and battery claims should be dismissed, any state law claim against the City premised on a theory of *respondeat superior* should likewise be dismissed.

16