UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JANELLE ROSS,

                                        Plaintiff,                  17 CV 3505
    -against-                                                 (PKC) (SMG)

CITY OF NEW YORK, ERIC LORIA, Individually,
and JEFFREY MARESCA, Individually,

                                        Defendants.

-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..............................................................................................................ii

PRELIMINARY STATEMENT.....................................................................................................1

STATEMENT OF FACTS..............................................................................................................1

STANDARD OF REVIEW……………………………………………………………………...3

ARGUMENT…………………………………………………………………………………….3

     I.     PLAINTIFF'S CLAIM FOR FALSE ARREST ……………………………………...3

          A.  Defendants Did Not have Probable Cause to Arrest Plaintiff..……………………3

          B.  Defendants are not entitled to qualified immunity…………………………………6

     II.    PLAINTIFF'S CLAIM FOR DENIAL OF THE RIGHT TO FAIR TRIAL …………7

     III.   PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE…………………………...9

     IV.   PLAINTIFF CLAIM FOR SUPERVISORY LIABILITY AGAINST SERGEANT MARESCA………………………………………………………………………..10

     V.    PLAINTIFF'S CLAIM FOR BATTERY……………………………………………11

CONCLUSION............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Branen,* 17 F.3d 552 (2d Cir.1994) ............................................................................ 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 3

*Barksdale v. Colavitam*, 506 Fed. Appx. 82 (2d Cir. 2012) .................................................. 4, 5, 6

*Brewton v. City of New York*, 550 F. Supp. 2d 355 (E.D.N.Y. 2008) ......................................... 4, 5

*Brown v. City of New York*, 08 CV 5095 (FB) (MDG), 2013 WL 1338785 (E.D.N.Y. April 1, 2013) ........................................................................................................................................ 7

*Buchy v. City of White Plains*, No. 14 CV 1806 (VB), 2015 WL 8207492 (S.D.N.Y. Dec. 7, 2015) ...................................................................................................................................... 10

*Budgar v. State of New York*, 414 N.Y.S.2d 463 (1979) ............................................................. 12

*Caldarola v. Calabrese,* 298 F.3d 156 (2d Cir. 2002) ................................................................... 4

*Campbell v. City of New York*, 09 CV 3306, 2011 WL 6329456 (E.D.N.Y. Dec. 15, 2011) ....... 12

*Carpenter v. City of New York*, 984 F.Supp.2d 255 (S.D.N.Y. 2013) .................................... 10, 11

*Coggins v. County of Nassau*, 988 F.Supp.2d 231 (E.D.N.Y. 2013) ........................................ 9, 10

*Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995) ........................................................................... 11

*Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003) ................................................................ 6

*Dancy v. McGinley*, 843 F.3d 93 (2d Cir. 2016) ........................................................................... 4

*Decayette v. Goord*, 06 CV 0783, 2009 WL 16067538 (N.D.N.Y. 2009) .................................... 9

*Dowling v City of New York*, No. 11 Civ. 4954, 2013 WL 5502867 (E.D.N.Y. Sept. 30, 2013) ... 7

*Espinoza v. City of New York*, 13 CV 1374 (ILG)(MDG), 2016 WL 4076597 (E.D.N.Y. July 6, 2016) ...................................................................................................................................... 12

*Garnett v. City of New York*, 13 CV 7083 (GHW), 2014 WL 3950904 (S.D.N.Y. Aug. 13, 2014) ............................................................................................................................................ 7

*Golino v. City of New Haven*, 950 F.2d 864 (2d Cir. 1991) ................................................................. 6

*Graham v. City of New York*, 928 F. Supp. 2d 610 (E.D.N.Y. 2013) ............................................. 12

*Green v. City of New York*, 465 F.3d 65 (2d. Cir. 2006) ..................................................................... 6

*Grullon v. City of New Haven,* 720 F.3d 133 (2d Cir. 2013) ........................................................... 10

*Hilderbrandt v. City of New York*, No. 13 Civ. 1955 (ARR) (VVP), 2014 WL 4536736 (E.D.N.Y. Sept. 11, 2014) ............................................................................................................... 7

*Jackson v. City of New York*, 939 F.Supp.2d 219 (E.D.N.Y. 2013) ................................................. 7

*Jenkins v. City of New York*, 478 F.3d 76 (2d Cir. 2007) ..................................................................... 6

*Johnson v. Suffolk County Police Dep't*, 665 N.Y.S.2d 440 (2d Dep't 1997) ............................... 12

*Maldonado v. City of New York,* 11 CV 3514, 2014 WL 787814 (S.D.N.Y. Feb. 26, 2014) ......... 7

*Maryland v. Macon*, 472 U.S. 463 (1985) ................................................................................................ 4

*Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564 (S.D.N.Y. 2002) ........................................................ 12

*Mickle v. Morin*, 297 F.3d 114 (2d Cir. 2002) ....................................................................................... 6

*Ricciuti v. New York City Transit Auth.*, 124 F.3d 123 (2d Cir. 1997) ....................................... 4, 7

*Robison v. Via*, 821 F.2d 913 (2d Cir. 1987) .......................................................................................... 6

*Rodriguez v. City of New York*, 72 F.3d 1051 (2d Cir. 1995) ............................................................ 3

*Shields v. City of N.Y.*, 141 A.D.3d 421 (N.Y. App. Div. 2016) .................................................... 12

*Singer v. Fulton County Sheriff*, 63 F.3d 110 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996) 4

*Stokes v. City of New York*, No. 05 Civ. 0007 (JFB)(MDG), 2007 WL 1300983 (E.D.N.Y. May 3, 2007) ...................................................................................................................................... 12

*Struthers v. City of New York*, 12 CV 0242 (JG), 2013 WL 2390721 (E.D.N.Y. May 31, 2013) .. 7

*Sulkowska v. City of New York*, 129 F.Supp.2d 274 (S.D.N.Y. 2001) .......................................... 12

*Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1999) ................................................................................ 6

*Vilkhu v. City of New York*, 06 CV 2095, 2008 WL 1991099 (E.D.N.Y. May 5, 2008) ............... 12

*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) ......................................................................... 4, 5, 6

*Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007) ......................................................................... 6

**Statutes**

N.Y. C.P.L. § 170.55 ........................................................................................................................ 8

N.Y. Penal Law § 195.05 ................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................................ 3

Fed. R. Civ. P. 8 .............................................................................................................................. 9

## PRELIMINARY STATEMENT

Plaintiff Janelle Ross was falsely arrested on March 12, 2016 by defendant NYPD officers Eric Loria and Jeffrey Maresca, and thereafter denied her right to fair trial by defendant Loria. Defendants now move for summary judgment as to all of plaintiff's claims. For the reasons that follow, defendants' motion for summary judgment should be denied.

## STATEMENT OF FACTS

Plaintiff's claims arise from an incident which occurred on March 12, 2016, beginning around 5:30 p.m.. *See* Plaintiff's 56.1 Counter Statement (hereinafter "PCS") ¶ 1. Plaintiff was present and working at Burger King when the incident occurred. *See* PCS ¶ 2. Sometime around 5:30 p.m., plaintiff's brother, Harrison Ross ("Harrison"), arrived at the Burger King to give plaintiff a debit card. *See* PCS ¶ 3. Harrison told plaintiff that their next-door neighbor, defendant Loria, was right behind him. *See* PCS ¶ 4. Defendant Loria walked in behind and asked to speak to Harrison. *See* PCS ¶ 5. Harrison had had at least four prior negative interactions with defendant Loria in the context of them being neighbors. *See* PCS ¶ 6. Defendant Loria did not tell Harrison what he wanted to speak to him about. *See* PCS ¶ 7. Harrison told defendant Loria that he didn't want to speak and proceeded out of the Burger King and reentered his vehicle. *See* PCS ¶ 8. Defendant Loria followed Harrison to Harrison's vehicle. *See* PCS ¶ 9.

From inside Burger King, plaintiff observed defendant Loria speaking to Harrison and then saw defendant Loria open the driver's side door of Harrison's vehicle and reach into the car to grab Harrison out of the car. *See* PCS ¶ 10. Plaintiff ran out of the Burger King trying to figure out what was happening to her brother. *See* PCS ¶ 11. Plaintiff approached the driver's side door of Harrison's vehicle. *See* PCS ¶ 12. Plaintiff observed Harrison sitting in his car with his hands to the passenger seat and defendant Loria was on top of him. *See* PCS ¶ 13. Plaintiff was present

at the side of Harrison's vehicle for a total of, at most, three seconds. *See* PCS ¶ 14. In video surveillance covering the Burger King parking lot, plaintiff's head and upper body are visible the entire time she is present at the driver's side of Harrison vehicle, as is her left arm for most of the three seconds. *See* PCS ¶ 15.

Plaintiff reentered Burger King after approaching Harrison's vehicle and then watched the rest of the incident from the area near the sidewalk and/or from inside of Burger King. *See* PCS ¶ 16. After Harrison's arrest, defendant Loria did not immediately arrest plaintiff, but rather waited for his supervisor, Sergeant Jeffrey Maresca to arrive. *See* PCS ¶ 17. Defendant Loria then falsely informed defendant Maresca that plaintiff had jumped on his back while he was trying to arrest Harrison. *See* PCS ¶ 18. As a result of defendant Loria's false claim, defendant Maresca directed plaintiff to exit the Burger King. *See* PCS ¶ 19. Defendant Maresca spoke to plaintiff and falsely claimed that plaintiff admitted to him that she jumped on defendant Loria's back. *See* PCS ¶ 20. Plaintiff made no such admission and denies that she ever jumped on defendant Loria's back. *See* PCS ¶ 21. Defendant Maresca directed a subordinate officer to handcuff plaintiff. *See* PCS ¶ 22. After plaintiff's arrest, defendant Maresca viewed video surveillance of the Burger King parking lot where the incident occurred. *See* PCS ¶ 23. The video conclusively shows that plaintiff did not jump on Loria's back. *See* PCS ¶ 24. Defendant Maresca allowed the arrest to continue after viewing the video surveillance by, among other conduct, approving and signing off on the arrest. *See* PCS ¶ 25.

After plaintiff's arrest, defendant Loria met with a prosecutor from the Richmond County District Attorney's Office, and told the prosecutor that plaintiff had jumped on his back. *See* PCS ¶ 26. Loria signed a supporting deposition stating that plaintiff jumped on his back which was utilized in the prosecution initiated against plaintiff. *See* PCS ¶ 27. Plaintiff was arraigned on

March 14, 2016 on the charge of obstruction of governmental administration based on defendant Loria's false allegation that plaintiff jumped on his back. *See* PCS ¶ 28. On that date all charges were adjourned in contemplation of dismissal. *See* PCS ¶ 29. At no time during the arrest of Harrison, did defendant Loria feel anyone tap or pull on him, or feel the weight of a hand on him, or on his shirt. *See* PCS ¶ 30. Rather, defendant Loria felt the weight of someone jumping fully onto his back, comparable to a ten-year-old child jumping on his back. *See* PCS ¶ 31. Had Loria felt only a tap and someone asking what was going on, he would not have arrested that person. *See* PCS ¶ 32.

## STANDARD OF REVIEW

Summary judgment should be granted only if the Court determines that there is no genuine dispute as to any material fact concerning the non-movant's claims or defenses and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the non-moving party, resolving all ambiguities and drawing all factual inferences in favor of the non-moving party. *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). The burden is on the moving party to show that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ARGUMENT

### POINT I
### PLAINTIFF'S CLAIM FOR FALSE ARREST

A. <u>Defendants Did Not have Probable Cause to Arrest Plaintiff</u>

Defendants argue that plaintiff's claim for false arrest should be dismissed solely on the grounds that probable cause purportedly existed to arrest plaintiff for obstruction of governmental administration (hereinafter "OGA"). *See* Defs.' Mem. of Law, pp. 5-9. To prevail on a claim for

false arrest, a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was aware of the confinement; (3) the confinement was without the plaintiff's consent; and (4) the confinement was not otherwise privileged. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996). Under New York Penal Law § 195.05, a person is guilty of OGA when:

> he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by other unlawful means. N.Y. Penal Law § 195.05.

To constitute OGA, the interference must obstruct an official function which is authorized by law. *See Dancy v. McGinley*, 843 F.3d 93, 111-112 (2d Cir. 2016).

"[P]robable cause to arrest exists when the [arresting] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "Whether probable cause exists 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him.'" *Brewton v. City of New York*, 550 F. Supp. 2d 355, 363 (E.D.N.Y. 2008) (quoting *Maryland v. Macon*, 472 U.S. 463, 470–71 (1985)). "Thus, the court's inquiry focuses solely on the facts available to the officer at the time of arrest." *Brewton*, 550 F. Supp. at 363 (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)). *See also*, *Barksdale v. Colavitam*, 506 Fed. Appx. 82, 84 (2d Cir. 2012) (citing *Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002) ("When determining whether probable cause exists, courts consider those facts available to the officer at the time of arrest and base their analysis on the 'totality of the circumstances.'")) "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge

4

of the officers." *Weyant*, 101 F.3d at 852 (2d Cir. 1996). "If the issue of probable cause is predominantly factual in nature, then it is properly presented to the jury." *See Barksdale*, 506 F. App'x at 84 (internal quotations omitted). Questions of fact exist in this case as to whether defendants possessed probable cause to arrest plaintiff.

Here, there is a material dispute as to the facts known to defendant Loria at the time he arrested plaintiff, and therefore whether there was probable cause to arrest plaintiff for OGA is a question properly presented to the jury. *See Barksdale*, 506 F. App'x at 84. Specifically, Loria claims that he felt plaintiff jump on his back and that this formed the basis of the charge for OGA. PCS ¶¶ 18, 26-28. Plaintiff denies this conduct. PCS ¶ 21. Defendants attempt to get around this clear factual dispute by citing plaintiff's statements to the Civilian Complaint Review Board and at a 50-h hearing, which were made months after her arrest, that during the incident she touched Loria's shirt near his collar. *See* Defs.' Mem. of Law pp. 8-9. These statements are irrelevant to the probable cause analysis because they were not known to defendants at the time of plaintiff's arrest, and because Loria repeatedly affirmed under oath that he never felt a hand on him or someone touch, grab, or pull his shirt during the incident and did not, and indeed would not, arrest plaintiff for conduct of that nature. PCS ¶¶ 30, 32. Rather, he arrested plaintiff for purportedly jumping on his back with her full weight, which he compared to the weight of a ten-year-old child getting a piggy back ride. PCS ¶ 31. Based on Loria's testimony, that plaintiff may have touched Loria's shirt with her hand to get his attention was not a fact known to Loria at the time of plaintiff's arrest, and therefore is not properly considered in the probable cause analysis. *See Brewton*, 550 F. Supp. at 363 ("the court's inquiry focuses solely on the facts available to the officer at the time of arrest"); *Barksdale*, 506 Fed. Appx. at 84 (in determining probable cause "courts consider those facts available to the officer at the time of arrest"). Based on the clear

5

dispute as to what occurred leading up to plaintiff's arrest, the question of whether there was probable cause to arrest plaintiff for OGA cannot be decided on summary judgment. *See Weyant*, 101 F.3d at 852, *See Barksdale*, 506 F. App'x at 84.

### B. Defendants are not entitled to qualified immunity

Defendants argue that they are entitled to qualified immunity for plaintiff's arrest. *See* Defs.' Mem. of Law, pp. 9-11. "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (internal quotation marks omitted); *see also*, *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007). Where a right is clearly established, summary judgment on the grounds of qualified immunity is appropriate only when:

> no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff, could conclude that it was objectively unreasonable for the [officer] to believe that he was acting in a fashion that did not clearly violate an established federally protected right. *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987) (internal quotation marks omitted).

The right to be free from arrest without probable cause is a clearly established right. *See Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). Furthermore, summary judgment should not be granted on qualified immunity grounds where the material facts of a claim are in dispute and those facts bear on the question of whether the defendants' conduct was objectively reasonable. *See e.g.*, *Jenkins*, 478 F.3d at 88-90; *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003); *Green v. City of New York*, 465 F.3d 65, 83 (2d. Cir. 2006); *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002); *Thomas v. Roach*, 165 F.3d 137, 144 (2d Cir. 1999).

Plaintiff has established questions of fact as to whether there was probable cause to arrest her for OGA as set forth more fully at Point I(A), *supra*. Therefore, plaintiff has also established questions of fact as to whether it was reasonable for the defendant officers to arrest her under the circumstances and, as such, summary judgment on qualified immunity grounds is inappropriate. *See Hilderbrandt v. City of New York*, No. 13 Civ. 1955 (ARR) (VVP), 2014 WL 4536736 *7 (E.D.N.Y. Sept. 11, 2014) (denying qualified immunity where factual disputes existed as to whether defendants had probable cause to arrest for OGA); *Dowling v City of New York*, No. 11 Civ. 4954, 2013 WL 5502867 at *8 (E.D.N.Y. Sept. 30, 2013) (same); *Jackson v. City of New York*, 939 F.Supp.2d 219, 233 (E.D.N.Y. 2013) (same).

## POINT II
### PLAINTIFF'S CLAIM FOR DENIAL OF THE RIGHT TO FAIR TRIAL

"A plaintiff establishes a denial of the right to fair trial claim by showing that the defendant fabricated evidence that was likely to influence a jury, forwarded that information to prosecutors, and that the plaintiff suffered a deprivation of liberty as a result." *Garnett v. City of New York*, 13 CV 7083 (GHW), 2014 WL 3950904, *12 (S.D.N.Y. Aug. 13, 2014) (citing *Ricciuti,* 124 F.3d at 129-130); *see also, Struthers v. City of New York*, 12 CV 0242 (JG), 2013 WL 2390721, *13 (E.D.N.Y. May 31, 2013). Courts in this Circuit have held that a defendant could be held liable for his false narrative of arrest which he provided to plaintiff's arresting officer, who forwarded the information to prosecutors, and for filing false criminal court complaints. *See Maldonado v. City of New York,* 11 CV 3514, 2014 WL 787814, *10 (S.D.N.Y. Feb. 26, 2014); *Brown v. City of New York*, 08 CV 5095 (FB) (MDG), 2013 WL 1338785, *6 (E.D.N.Y. April 1, 2013).

Here, plaintiff was arrested based on defendant Loria's fabricated claim that plaintiff jumped on Loria's back while Loria was attempting to arrest Harrison, conduct which plaintiff

7

denies. PCS ¶¶ 18-22. Defendant Loria informed Maresca of this false claim, who then ordered plaintiff's arrest. PCS ¶¶ 18-22. Further, Loria met with an attorney from the Richmond County District Attorney's Office and signed a supporting deposition, which he provided to the Richmond County District Attorney's Office, which resulted in the docketing of criminal charges of OGA filed against plaintiff in Richmond County Criminal Court. PCS ¶¶ 26-28. As a result of these fabricated claims, plaintiff was handcuffed, arrested, and detained from approximately 5:30 p.m. on March 12, 2016 through her release from custody on March 14, 2016, when plaintiff was finally arraigned and accepted an ACD. PCS ¶¶ 1, 22, 28-29. The case thereafter hung-over plaintiff's head, continuing for six months thereafter pursuant to the statutory framework set forth in N.Y. C.P.L § 170.55, until it was dismissed and sealed. *See* N.Y. C.P.L. § 170.55. Based on the forgoing, plaintiff has met all the elements of her right to fair trial claim.

Defendants' sole argument for dismissal of plaintiff's right to fair trial claim is that plaintiff has purportedly not proven a deprivation above and beyond what would have occurred without the fabrication. Defs.' Mem. of Law, pp. 12-13. However, it was solely on the basis of the fabricated claim that plaintiff jumped on Loria's back that plaintiff was arrested, prosecuted, and deprived of her liberty. It is immaterial that months after the arrest, plaintiff admitted to touching Loria during the incident because Loria very clearly testified that he was not aware of plaintiff touching him with her hand and would not have arrested plaintiff for doing so. PCS ¶¶ 30-32. Therefore, accepting plaintiff's allegations as true, plaintiff's arrest and subsequent deprivation of liberty was directly and otherwise solely caused by Loria's fabrication, and defendants' argument that there was independent probable cause must be rejected.

# POINT III
# PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE

Defendants argue that plaintiff's failure to intervene claim should be dismissed because both Loria and Maresca are alleged to have been directly involved in arresting plaintiff and because plaintiff has purportedly not established an underlying constitutional violation. Defs.' Mem. of Law, pp. 14-15. "It is well settled that 'all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" *Coggins v. County of Nassau*, 988 F.Supp.2d 231, 245 (E.D.N.Y. 2013) (quoting *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994)). An officer may be held liable for failure to intervene if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *See Decayette v. Goord*, 06 CV 0783, 2009 WL 16067538, *8 (N.D.N.Y. 2009). "Whether an officer can be held liable on a failure to intervene theory is generally a question of fact for the jury to decide." *See id.* An officer breaches the duty and is "liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Id*. (citations omitted). A duty to intervene to prevent the continuation of the constitutional violation resulting from a false arrest continues after the arrest. *See Coggins*, 988 F.Supp.2d at 245. Claims against an officer can be pled in the alternative. *See* Fed. R. Civ. P. 8(d)(2), (3).

To the extent a jury were to find that both defendants were directly involved in violating plaintiff's constitutional right to be free from false arrest, plaintiff would agree that no failure to intervene claim would exist as to either defendant. However, if a jury were to find that only Loria

9

was directly liable for plaintiff's false arrest, and that plaintiff did not ultimately establish Maresca's direct involvement, Maresca nonetheless could be held liable on the alternative theory of failing to intervene in the continued arrest of plaintiff insofar as Maresca admits that he viewed the video which plaintiff submits conclusively proves plaintiff did not jump on Loria's back, yet he allowed the arrest to continue. PCS ¶¶ 23-25; *Buchy v. City of White Plains*, No. 14 CV 1806 (VB), 2015 WL 8207492, at *3 (S.D.N.Y. Dec. 7, 2015); *Coggins*, 988 F.Supp.2d at 245. Consequently, plaintiff's failure to intervene claim should proceed to trial as an alternative theory by which Maresca could be held liable. Further, for the reasons stated *supra* at Point I, plaintiff has established an underlying constitutional violation necessary for a failure to intervene claim to proceed.

## POINT IV
## PLAINTIFF CLAIM FOR SUPERVISORY LIABILITY AGAINST SERGEANT MARESCA

Defendants move to dismiss plaintiff's supervisory liability claim against defendant Maresca solely on the grounds that no constitutional violation was established. *See* Defs.' Mem. of Law p. 15. "An individual supervisor can be held liable [] if the plaintiff establishes the 'defendant's personal involvement in the alleged constitutional deprivation.'" *Carpenter v. City of New York*, 984 F.Supp.2d 255, 268 (S.D.N.Y. 2013) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)). "The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the

10

defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Where a plaintiff has raised a genuine question of material fact as to the existence of a constitutional violation, the question becomes whether a genuine question of material fact exists as to the personal involvement of the supervisor sufficient to establish supervisory liability. *See Carpenter*, 984 F.Supp.2d at 269.

Here, Maresca personally questioned plaintiff, ordered the false arrest of plaintiff, approved the arrest charge, and was otherwise responsible for the resulting consequences of his direct and supervisory actions. PCS ¶¶ 19-25. The foregoing is sufficient evidence for a jury to conclude that Maresca was present for and was personally involved in the constitutional violations alleged by plaintiff. Therefore, if plaintiff prevails in demonstrating that she was falsely arrested, then a jury could also conclude that Maresca is responsible for said constitutional violation in his supervisory capacity. *See Carpenter*, 984 F.Supp.2d at 269 (holding that "[i]f the plaintiffs prevail in demonstrating that the arresting officers used excessive force, a jury could also conclude that [the supervisory defendants] are responsible for these constitutional violations in their supervisory capacity" because plaintiff submitted sufficient evidence to show that the supervisory defendants were present for and partook in the alleged constitutional violation).

## POINT V
## PLAINTIFF'S CLAIM FOR BATTERY

Defendants argue that plaintiff's battery claim should be dismissed because, absent a claim of excessive force, any intentional contact with plaintiff was made only in connection with a lawful arrest. *See* Defs.' Mem. of Law 15-16. With regard to the elements of battery under New York Law, "[i]f an arrest is determined to be unlawful, any use of force against a plaintiff may constitute a battery, regardless of whether the force is considered reasonable as applied during a lawful

11

arrest." *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 581-82 (S.D.N.Y. 2002) (citing *Sulkowska v. City of New York*, 129 F.Supp.2d 274, 294 (S.D.N.Y. 2001); *Johnson v. Suffolk County Police Dep't*, 665 N.Y.S.2d 440, 440 (2d Dep't 1997) (holding that a police officer committed a battery when he touched the plaintiff during an unlawful arrest) (citing *Budgar v. State of New York*, 414 N.Y.S.2d 463, 466 (1979) (finding that "since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State police car")). *See Stokes v. City of New York*, No. 05 Civ. 0007 (JFB)(MDG), 2007 WL 1300983, *13 (E.D.N.Y. May 3, 2007) ("some New York courts have suggested that, under New York law, any touching during an unlawful arrest is a battery.")

For the reasons set forth at Points I, *supra*, plaintiff has established a question of fact as to whether defendants falsely arrested her and therefore subjected her to an unlawful touching. Plaintiff has thus established a question of fact as to whether she was subjected to a battery under state law. *See e.g. Shields v. City of N.Y.*, 141 A.D.3d 421, 422 (N.Y. App. Div. 2016); *Budgar*, 414 N.Y.S.2d at 466 (finding that "since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State police car"); *Johnson*, 665 N.Y.S.2d 440, 440 (holding that a police officer committed a battery when he touched the plaintiff during an unlawful arrest). Consequently, plaintiff's claims for assault and battery should go to the jury.[1]

---

[1] Plaintiff's claims for false arrest and battery via *respondeat superior*, and for violation of her rights under New York State Constitution Article I, § 12 should also be permitted to proceed against defendant City of New York. *See Graham v. City of New York*, 928 F. Supp. 2d 610, 626 (E.D.N.Y. 2013) (New York courts have held municipalities liable under a theory of *respondeat superior* for false arrest and assault and battery claims); *Vilkhu v. City of New York*, 06 CV 2095, 2008 WL 1991099, at *8-9 (E.D.N.Y. May 5, 2008) (collecting cases) (allowing constitutional claims to proceed because remedies are not available under Section 1983 for false arrest against defendant City of New York insofar as there is no federal *respondeat superior* liability); *Campbell v. City of New York*, 09 CV 3306, 2011 WL 6329456, at *5 (E.D.N.Y. Dec. 15, 2011); *Espinoza v. City of New York*, 13 CV 1374 (ILG)(MDG), 2016 WL 4076597, at *3 (E.D.N.Y. July 6, 2016).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment should be denied as argued herein, together with such other relief to plaintiff as the Court deems just and proper.

Dated: New York, New York
January 29, 2019

BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN, ESQ. (BK4744)
LISSA GREEN-STARK (LG7510)
