

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|:---:|---:|
| **GEORGIA M. PESTANA** | **L**AW **D**EPARTMENT | **KAVIN THADANI** |
| *Acting Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
| | NEW YORK, NY 10007 | Phone: (212) 356-2351 |
| | | Fax: (212) 356-3509 |
| | | kthadani@law.nyc.gov |

September 20, 2019

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>Janelle Ross v. City of New York, et al.</u>, No. 1:17-cv-03505-PKC-SMG

Your Honor:

  I am a Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants in the above-referenced matter.  Defendants respectfully write to briefly supplement their previously filed and currently pending motion for summary judgment, *see* Docket Nos. 35-41, in light of the United States Supreme Court's recent decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019).

  On February 19, 2019, defendants filed their fully briefed motion for summary judgment, seeking dismissal of plaintiff's federal claims of false arrest, violation of the right to a fair trial, failure to intervene and supervisory liability, and plaintiff's state law claims of false arrest and battery.  *See* Docket Nos. 35-41.

  On June 20, 2019, four months after defendants' motion for summary judgment was fully briefed, the United States Supreme Court rendered its decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), which sets forth an additional reason, beyond those previously articulated in defendants' motion for summary judgment, for dismissing plaintiff's federal fair trial claim, which asserts that "[d]efendants created false evidence against plaintiff[]" and "utilized this false evidence against plaintiff[] . . . in legal proceedings."  Amended Complaint (Docket No. 12) at ¶¶ 61-62.

Specifically, in *McDonough*, the Supreme Court held, *inter alia*, that, in order to bring a federal fair trial (i.e., fabrication of evidence) claim like the one plaintiff asserts in this case, **the plaintiff must prove that the underlying criminal prosecution terminated in her favor.** *See, e.g., McDonough v. Smith*, 139 S. Ct. 2149, 2156-57, 2159 (2019) (holding that plaintiff "could not bring his fabricated evidence under § 1983 prior to favorable termination of his prosecution" and that a plaintiff has "a complete and present cause of action for the loss of liberty only once the criminal proceedings against him terminated in his favor"); *see also, e.g.,* Memorandum and Order (Docket No. 54) at 11, *Goldring v. Donawa, et al.*, 1:16-cv-05651-KAM-LB (E.D.N.Y. Sep. 9, 2019) ("[P]laintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial."); *Rosario v. City of New York*, No. 18 Civ. 4023 (LGS), 2019 U.S. Dist. LEXIS 159771, at *17-18 (S.D.N.Y. Sep. 16, 2019) ("[T]he Supreme Court recently decided in *McDonough* . . . that fabrication of evidence claims under § 1983 . . . arise not when the evidence is used against a defendant, but when the criminal proceedings have terminated in defendant's favor."); *Breton v. City of New York*, 17-cv-9247 (JGK), 2019 U.S. Dist. LEXIS 150407, at *27 n.2 (S.D.N.Y. Sep. 3, 2019) ("The Supreme Court recently held that a claim for the denial of a fair trial based on fabricated evidence does not accrue until the criminal proceedings terminate in favor of the plaintiff."); *McKenzie v. City of New York*, No. 17 Civ. 4899 (PAE), 2019 U.S. Dist. LEXIS 121937, at *46-47 (S.D.N.Y. July 22, 2019) ("Section 1983 claims for fabrication of evidence cannot be brought 'prior to favorable termination of [a plaintiff's prosecution.'") (quoting *McDonough*, 139 S. Ct. at 2156).

Here, however, plaintiff resolved the underlying criminal prosecution by accepting an adjournment in contemplation of dismissal (an "ACD"). *See* Defendants' Statement Pursuant to Local Rule 56.1 (Docket No. 37) at ¶ 11 ("[n]ot disputed" by plaintiff, *see* Plaintiff's Response to Defendants' Statement Pursuant to Local Rule 56.1 and Counter Statement (Docket No. 43) at p. 2, ¶ 11).

It is well-settled that an ACD does not constitute a favorable termination. *See, e.g., Copeland v. City of New York*, No. 00-0034, 2000 U.S. App. LEXIS 29696, at *2 (2d Cir. Nov. 21, 2000) ("This court has consistently held that an ACD does not constitute a favorable termination."); *Brooks v. Panas*, No. 14-CV-4835 (PKC), 2016 U.S. Dist. LEXIS 18679, at *11 (E.D.N.Y. Feb. 16, 2016) (Chen, J.) ("[A]n ACD is not a favorable termination.").

Therefore, in addition to the grounds previously asserted in defendants' motion for summary judgment, plaintiff's fair trial claim must also be dismissed because the underlying prosecution was not terminated in her favor.

Thank you for your consideration in this regard.

Respectfully,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation

2

cc: **<u>VIA ECF</u>**
   Brett Klein, Esq.
   *Attorney for Plaintiff*