

**Brett H. Klein, Esq., PLLC**
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132 F: (212) 335-0571

September 26, 2019

**BY ECF**

The Honorable Pamela K. Chen
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Janelle Ross v. City of New York, et al.*, 17 CV 3505 (PKC) (SMG)

Dear Judge Chen:

      I represent the plaintiff in the above-referenced civil rights action. I submit this letter in opposition to defendants' September 20, 2019 supplement to their motion for summary judgment. *See* ECF Doc. 46. In essence, defendants argue that a recent Supreme Court case, *McDonough v. Smith*, 139 S. Ct. 2149 (2019), imposes favorable termination as a substantive element to a right to fair trial claim, and that plaintiff's acceptance of an adjournment in contemplation of dismissal (hereinafter "ACD") does not constitute a favorable termination. Defendants' entire argument is, however, based on a flawed reading of *McDonough* which, for the reasons argued herein, should be rejected.

      First, in deciding *McDonough*, the Court did not impose favorable termination as a substantive element to all right to fair trial claims, but rather held that for a claim *like* McDonough's, the statute of limitations did not begin to run until a favorable termination occurred. *See McDonough*, 139 S. Ct. at 2154-55 (emphasis added). The Court's ruling was expressly limited to determining the accrual of the statute of limitations for a right to fair trial claim *like* McDonough's, and not a broader ruling on the substantive elements of all right to fair trial claims. *See Wellner v. City of New York*, 16 CV 7032 (JGK), 2019 WL 3729806, at *6 (S.D.N.Y. Aug. 8, 2019) (rejecting defendants' argument that McDonough added favorable termination as an element to a claim for the denial of the right to fair trial and holding that McDonough "offered no occasion to determine whether a plaintiff could pursue a fabricated evidence claim despite the existence of some conviction.") That the majority's opinion specifically did not speak to the substantive elements of the claim, and only to the statute of limitations for a claim *like* McDonough's, is further underscored by the dissent's explicit acknowledgement that the majority had—in the dissents' opinion improperly—declined to take a position on the constitutional right at issue, or the elements that a § 1983 plaintiff would need to prove to prevail on a right to fair trial claim. *See McDonough*, 139 S. Ct. 2149, 2161–62. Defendants' interpretation of *McDonough* improperly extends *McDonough's* holding, and should be rejected here, as it was in *Wellner*. *See Wellner*, 2019 WL 3729806, at *6.

      Second, even if, *arguendo,* a favorable termination were now to be considered a required element to a right to fair trial claim, neither the Supreme Court nor the Second Circuit has ruled

on what a favorable termination means in the context of a due process right to fair trial claim.[1]  To the contrary, the Supreme Court expressly recognized that the definition of a favorable termination in the context of a due process right to fair trial claim may be different than the definition in other contexts.  On this point, the Court stated in relevant part:

> To the extent Smith argues that the law in this area should take account of prosecutors' broad discretion over such matters as the terms on which pleas will be offered or whether charges will be dropped, those arguments more properly bear on the question whether a given resolution should be understood as favorable or not.  Such considerations might call for a context-specific and more capacious understanding of what constitutes 'favorable' termination for purposes of a § 1983 false-evidence claim, but that is not the question before us.  *See McDonough*, 139 S. Ct. 2149, 2161, fn. 10.

Further, in deciding *McDonough*, the Court relied on *Heck* which, with respect to favorable termination, only held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486–87, (1994)

      Based on the foregoing, it is not at all well settled that an ACD does not constitute a favorable termination for the purposes of a right to fair trial claim.  To the contrary, if expungement or invalidation is what is required to satisfy a favorable termination within the meaning of *Heck* and *McDonough*, then an ACD, as was received by plaintiff, would be sufficient because an ACD results in a complete dismissal of all charges with prejudice.[2]  Moreover, defendants have cited to no authority establishing what favorable termination means in the context of a right to fair trial claim, or to support their claim that an ACD is insufficient to satisfy this purported element.  Instead, defendants have cited to Fourth Amendment malicious prosecution cases, and without explanation or support, assert that this standard should be applied to right to fair trial claims,

---

[1] A right to fair trial claim arises under the Due Process Clause, not the Fourth Amendment.  *See e.g.*, *McDonough*, 139 S. Ct. 2149, 2155, fn. 2 (accepting the Second Circuit's "treatment of McDonough's claim as one sounding in denial of due process"); *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 278 (2d Cir. 2016) (recognizing that the Fifth, Eighth, Ninth, and Tenth Circuits, have all found denials of due process when charges rest on fabricated evidence); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (recognizing that "to hold that police officers, having lawfully arrested a suspect, are then free to fabricate false confessions at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice."); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 627–28 (E.D.N.Y. 2017) (The claim of denial of the right to a fair trial due to fabricated evidence stems from the Sixth Amendment and the Due Process clauses of the Fifth, Sixth, Fourteenth Amendments of the U.S. Constitution.")

2 Pursuant to N.Y. C.P.L. § 170.55 "[t]he granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt.  No person shall suffer any disability or forfeiture as a result of such an order.  Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution."

despite the Supreme Court's guidance that the definition might be different in the right to fair trial context.

Absent a clear statement from the Supreme Court, this Circuit's prevailing case law that a right to fair trial claim may be maintained notwithstanding the acceptance of an ACD should be applied. *See Apostol v. City of New York*, No. 11 CV 3851 (RRM) (CLP), 2014 WL 1271201, at *5 (E.D.N.Y. Mar. 26, 2014), *aff'd*, 607 F. App'x 105 (2d Cir. 2015) ("courts in this Circuit, in cases squarely on point, have ruled that a plaintiff's accepting an ACD does not preclude a fair trial claim.") (citing *Keller v. Sobolewski,* No. 10 CV 5198 (FB) (RML), 2012 WL 4863228, at *4-5 (E.D.N.Y. Oct. 12, 2012); *Dowling v. City of New York,* No. 11 CV 4954 (NGG) (RML), 2013 WL 5502867, at *7 (E.D.N.Y. Sept. 30, 2013)). Ms. Ross should be afforded an opportunity to litigate her very likely meritorious claim, which is supported by video evidence, that defendant Loria swore to and forwarded to prosecutors a very serious and fabricated allegation that plaintiff jumped on his back during the incident. *See* ECF Doc. 43 ¶¶ 18-28 To preclude her from levying this claim, based on her acceptance of an ACD, would undermine the Second Circuit's recognition in *Ricciuti* that to hold that police officers are free to fabricate false evidence at will "would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice." *Ricciuti*, 124 F.3d at 130.

For all the foregoing reasons, defendants' supplemental motion should be denied and plaintiff's right to fair trial claim should be allowed to proceed to trial, together with such other and further relief to plaintiff that the Court deems just and appropriate.

Thank you for your consideration.

Respectfully submitted,

s/ Brett Klein

Brett H. Klein

cc: Kavin Thadani, Esq. (by ECF)